J-S18006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TREVION J FITZPATRICK :
:
Appellant : No. 1569 WDA 2024

Appeal from the Judgment of Sentence Entered November 22, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000084-2021

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED: June 25, 2025**

Appellant Trevion J. Fitzpatrick appeals from the judgment of sentence entered on November 22, 2024, in the Court of Common Pleas of Venango County following the revocation of his probation. Appellant's counsel, Tina Fryling, Esq., has filed a petition to withdraw as counsel and an **Anders**[1] brief, to which Appellant has not filed a response. The **Anders** brief raises Appellant's challenge to the discretionary aspects of his sentence in which he contends that the court imposed a harsh and excessive sentence because it ordered his violation of probation ("VOP") sentence to be consecutive to his VOP sentence in another county. Upon review, we agree with counsel that

---

[*] Former Justice specially assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

the appeal is wholly frivolous, affirm the judgment of sentence, and grant counsel's petition to withdraw.

We glean the relevant procedural history from the VOP court's opinion. On June 10, 2021, Appellant pleaded guilty to Unlawful Contact with a Minor-Without Consent and Indecent Exposure. On August 6, 2021, the court sentenced Appellant to 7 to 24 months of incarceration followed by 60 months of probation, with 186 days of credit for time served. The court also classified Appellant as a Tier II sexual offender under the Sexual Offender Registration and Notification Act ("SORNA").[2] Appellant did not file a direct appeal.

Probation staff learned that, on May 6, 2024, Appellant was present at his girlfriend's house while her 17-year-old daughter—the victim in Appellant's underlying case—was present. Being in the presence of a minor without prior permission was a violation of the terms of Appellant's probation. Appellant later admitted to the violation, and the Commonwealth took him into custody.

At the time of the violation, Appellant was serving sentences in Venango County in the present case, and also in Mercer County. On May 23, 2024, the Mercer County court revoked Appellant's probation due to both the events on May 6, 2024, and prior violations. On June 6, 2024, the Mercer County court imposed a VOP sentence of 18 months to 4 years of incarceration.

On July 12, 2024, the Commonwealth filed a petition to revoke Appellant's probation in the present case. Appellant stipulated to the violation,

_____

[2] 42 Pa.C.S. §§ 9799.51-9799.75.

and the court revoked his probation on August 2, 2024. At his resentencing hearing, Appellant asserted that he had been at his girlfriend's house because she had overdosed, and this mitigated his actions. On November 22, 2024, the court imposed an aggregate VOP sentence of 1½ to 4 years of incarceration, consecutive to the sentence imposed in Mercer County.

Appellant appealed, and both he and the trial court complied with Pa.R.A.P. 1925. Appellant's counsel filed an *Anders* Brief raising the following issue:

> Were the sentences manifestly excessive and clearly unreasonable and not individualized as required by law, particularly in their consecutiveness?

*Anders* Br. at 1.

As a preliminary matter, we address Attorney Fryling's request to withdraw as counsel. "When presented with an *Anders* Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). For counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that counsel must meet the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Attorney Fryling has complied with the mandated procedure for withdrawing as counsel. Additionally, she confirms that she sent Appellant a copy of the *Anders* brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, or raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because Attorney Fryling has satisfied the above requirements, we will first address the substantive issue raised in the *Anders* brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted); *see also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

\*

In the *Anders* brief, Attorney Fryling asserts that Appellant wishes to argue that his VOP sentence was excessive because it was consecutive to his VOP sentence in Mercer County, despite the mitigating factors underlying the violation. A challenge to the imposition of consecutive sentences implicates the discretionary aspects of sentencing. *See Commonwealth v. Horning*,

- 4 -

193 A.3d 411, 418 (Pa. Super. 2018). Challenges to the discretionary aspects of sentence are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). *Id.* (citation omitted).

Our review confirms that Appellant has complied with the first three requirements. Accordingly, we will consider whether his claim raises a substantial question. An appellant "presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citation and internal quotations marks omitted).

"A sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question." *Horning*, 193 A.3d at 418 (citation omitted). Accordingly, Appellant's claim that the court abused its discretion in imposing consecutive sentences does not raise

a substantial question. However, we have explained "that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Id.* (citation omitted). Accordingly, we will address this claim.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted). An abuse of discretion is not merely an error in judgment—"[r]ather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (citation omitted). Finally, when the sentencing court has the benefit of a PSI report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing sentence. *Commonwealth v. Sexton*, 222 A.3d 405, 422 (Pa. Super. 2019) (citation omitted).

The VOP court explained that it imposed a consecutive sentence because Appellant, a Tier II sex offender, admitted to being in the presence of not only a minor, but the victim in this case. VOP Ct. Op. at 5-6. The court explained that it was aware of Appellant's arguments for mitigation in addition to the documentation in this case, including the PSI, and the fact that he faced a

VOP sentence in Mercer County based on the same conduct. *Id.* at 6. Nevertheless, the court determined that Appellant is "not entitled to a windfall on his Venango County sentence because Mercer County was able to sentence him first."[3] *Id.*

Following our review, we discern no abuse of discretion. The court was clear that it was aware of Appellant's mitigation arguments when sentencing him. *Id.* Nevertheless, the court determined that the circumstances of the underlying crime and Appellant's violation, which involved being in the presence of the victim in direct contravention of the conditions of his probation, warranted a consecutive sentence, as is within the court's discretion. Accordingly, this claim merits no relief.

Furthermore, following our independent review, we discern no meritorious issues to be raised on appeal. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

---

[3] The court also explained that "a sentencing court has an interest in imposing a sentence at resentencing that will vindicate the authority of the court." Trial Ct. Op. at 6 (citing 42 Pa.C.S. § 9771(c)). However, the legislature amended Section 9771(c), effective June 11, 2024—prior to Appellant's resentencing—to remove this language and address when a court can impose total confinement for technical violations. Nevertheless, upon review to discern whether there are any meritorious issues, we conclude that the court had authority to sentence Appellant to total confinement pursuant to Section 9771(c)(ii), which provides that the court may impose a sentence of total confinement if, *inter alia*, it "finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means[.]" 42 Pa.C.S. § 9771(c)(ii).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>6/25/2025</u>